Johnson, J.
The question presented concerns the action of the court in sustaining the motion of the defendant Black to quash the service of summons on him. It is conceded the allegations of the petition, that the defendant Clark owned the automobile and that the injury occurred in Franklin county, were made in order to bring* the case within the provisions of Section 6308, General Code, and thereby permit the fixing of the venue in Licking county and the issuance of the summons to the sheriff of Franklin county.
The section reads as follows: “Actions for injury to a person or property, caused by the negligence of the owner of a motor vehicle, may be brought, by the person injured, against such owner in the county wherein such injured person resides. A summons in such action against any defendant or defendants shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside and may be served as in other civil actions, notwithstanding any contrary provision of law for the service of summons in civil actions.”
It is contended that the defendants, Clark and Black, cannot be held in this action as joint tort *77 feasors, because, it is asserted, the liability of Clark is based on the ownership of the automobile, and the provisions of Section 6308 create a special liability in which no one else can be associated; that, therefore, the summons for Black is without authority of law.
But attention to the provisions of Section 6308 discloses that it does not create or attempt to create any liability whatever. It relates solely to the venue. It provides that actions for injury to a person or property caused by the negligence of the owner of a motor vehicle may be brought by the person injured against such owner in the county wherein such injured person resides. The negligence of the owner, the action for the injury, and the rights of the person injured all remain to be determined exactly as before the section was passed. If there would have been no right of action before, there is none now. It must be noted that the petition in this case states a joint cause of action against Clark and Black, the defendants. The allegations of negligence are directed against each of the defendants. The petition does not state a case of master and servant, and the plaintiff’s right of recovery does not depend on the doctrine respondeat superior. His claim rests on the ground of the joint and mutual negligence of both of the defendants in the wrongful operation of the automobile. But even if the relation of master and servant was averred that would not prevent the joinder under the averments of this petition. Where the master participates in the negligent act there is no room for question as to his joint liabil *78 ity with the servant to the injured person. (5 Thompson on Negligence [2 ed.], Section 5776.) By the provisions of Section 6308, General Code, the summons was .rightly issued to the sheriff of Franklin county for the defendant Clark, the owner.
Chapter 3, Division II, Title IV, Part Third, of the Code, relating to civil actions., specifically provides for the venue in certain enumerated cases, and Section 11277 of that chapter then provides “every other action must be brought in the county in which a defendant resides or may be summoned.” Section 11282 in Chapter 4 provides that when the action is rightly brought in any county, according to the provisions of the next preceding chapter, a summons majr be issued to any other county, against one or more of the defendants, at the plaintiff’s request. As shown, the summons was rightly issued to Franklin county for the defendant Clark, and if it had been there served on her the action would have been rightly brought in Licking county, and summons could have been properly issued for the defendant Black to any other county, under the provisions, of Section 11282.
Section 6308 is simply an additional provision as to venue. Until it was passed it would have been necessary to have brought the suit “in the county in which a defendant resides or may be summoned.” As shown, Section 6308 relates merely to the venue and must be considered in pari materia with the other sections of the Code relating to that subject. It is a part of the statutory provisions as to venue, and a modification of the provisions there *79 tofore in existence. The reasons for its enactment are manifest, and being a remedial statute it should be liberally construed to accomplish its laudable purpose. It gives the right to the plaintiff to bring the suit where he resides and to issue to another county for the owner of the automobile. When this is done the suit is rightly brought and all steps can then be taken which the Code permits with reference to áctions rightly brought.
The last sentence of the section discloses the purpose of the legislation to which we have referred. It reads: “A summons in such,action against any defendant or defendants shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside and may be served as in o.ther civil actions, notwithstanding any contrary provisions of law for the service of summons in civil actions.” This preserves and effectuates the general policy of the law to prevent multiplicity of suits, as well as the right of a plaintiff to bring all joint tort-feasors into a single action.
But as we view this case it is controlled and disposed of by other considerations. As shown in the statement, the defendant Clark voluntarily came into court without summons having been served upon her, and filed her answer, in-which she pleaded to the merits of the case. This voluntary appearance of the defendant Clark was equivalent to service. It entered her appearance to the case for all purposes, exactly as if summons had been served on her in Licking county. Section 11287, General Code, provides that an acknowledgment on the back of the summons or petition by the party *80 sued, or the voluntary appearance of a defendant, is equivalent to service.
It is, therefore, obvious that after this voluntary step, equivalent to service of summons upon her in Licking county, the action was one rightly brought, and, therefore, by the provisions of Section 11282, General Code, the summons was thereafter rightly issued to the sheriff of Franklin county for the joint tort-feasor defendant Black. So that so far as this case is concerned it is precisely as if the plaintiff had in the first instance filed his petition and issued summons in Licking county, procured service on the defendant Clark in Licking county, and, after-wards, in pursuance of the provisions of the statute, caused a summons to issue to Franklin county for the defendant Black; all as if Section 6308, General Code, had not been passed.
The defendant Black is entitled to make every defense which he would have been entitled to make in that case. He is entitled to show that he was not a joint tort-feasor with the defendant Clark. And if in the case in Licking county he can on the other hand demonstrate that the defendant Clark had no part in the committing of the wrong, that would oust the jurisdiction against him, even'if the proof showed that he had wrongfully injured the plaintiff, because the essential basis of the right to proceed against Black in Licking county is that a joint tort-feasor had been joined in that case and properly served there. A plaintiff cannot compel persons residing out of the county where suit is brought to defend there by simply joining them with another person or persons against whom there *81 is no joint right of action.-'In order to give the' court' jurisdiction over defendants nonresident of the county where the suit is brought, and for whom summons has been issued to another county, those against whom service is had in the former county must have a real and substantial interest in the proceeding. adverse to the plaintiff and against whom substantial relief is sought. The law does not. permit the important matter of jurisdiction to be determined by joining-colorable or dummy defendants in the case. And this observation applies with equal force where a nonresident owner of an automobile has been brought into court under the provisions of Section 6308, General Code. Before the driver of a machine who was not the owner could be rightly served under the provisions of Section 6308, General Code, it would be necessary that it be shown in the action that the owner of the machine was a joint tort-feasor with the driver and had been served under the provisions of that section. (Dunn v. Hazlett, 4 Ohio St., 435; Allen v. Miller, 11 Ohio St., 374, and Drea v. Carrington et al., 32 Ohio St., 595). In the case last named it is held:
• “An action to recover damages under an act requiring compensation for causing death by wrongful act, neglect, or default (2 S. & C. 1139), may be brought in any county in- the state where the defendant, or any one of the defendants, resides or may be served.
“In such case, where there are several -defendants, against all of whom good-cause of action is *82 alleged, some of whom are served in the county and others reside and are served in another county than that where the suit is brought, the validity of the service of summons in such other county, and the jurisdiction of the court over the persons of the non-resident defendants, depends upon the truth of the allegations of the"petition.”
As we have seen in this case the allegations of the petition clearly state a joint cause of action against the two defendants and for the purposes of this proceeding must be taken to be true.
It is also contended that the order of the common pleas court was not a final order, and that, therefore, the plaintiff in error is not entitled to maintain this proceeding in error. In the entry of the court of common pleas concerning the motion of the defendant Black to quash the service for summons on him is the following: “The court being fully advised in the premises sustains said motion and said service of summons in this case upon said Nelson Black is hereby set aside.”
The court of appeals affirmed the common pleas court and entered judgment against plaintiff in error.
Section 12258, General Code, provides that “An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, * * * is a final order which may be vacated, modified, or reversed as provided in this title.”
As to a similar question it is said by Spear, C. J., in Allen v. Smith, 84 Ohio St., 283, 288: “The ultimate question presented by the record relates to the *83 jurisdiction of the court of common pleas of Fayette county over the person of the defendant Smith. This question is raised by the motion of defendant to quash the summons and service thereof, which, if properly sustained, determined effectually the question of jurisdiction and ended the case.”
For the reasons given the judgments of the courts below will be reversed and this cause remanded to the court of common pleas with instructions to overrule the motion of the defendant Black to quash the service of summons, and for such other proceedings as are provided by law.

Judgments reversed.

Nichols, C. J., Matthias, Wanamaker and Robinson, JJ., concur.
Jones and Donahue, JJ., dissent.